230 N.J. Super. 19 (1988)
552 A.2d 626
RICHARD FINER, JOHN FINER, PAUL FINER AND BRIAN FINER, INFANTS BY THEIR GUARDIAN AD LITEM, DIANE FINER AND DIANE FINER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF RICHARD J. FINER, JR., PLAINTIFFS-RESPONDENTS,
v.
DANIEL TALBOT AND LINDA TALBOT, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1988.
Decided December 27, 1988.
*20 Before Judges GAULKIN, BILDER and ARNOLD M. STEIN.
L. Patricia Sampoli argued the cause for appellants (Horn, Kaplan, Goldberg, Gorny & Daniels, attorneys; L. Patricia Sampoli and Donald M. Kaplan, on the brief).
Margie McMahon argued the cause for respondents (Levin, Shea & Pfeffer, attorneys; Margie McMahon, on the brief).
BILDER, J.A.D.
On January 4, 1987 Richard Finer, Jr. was killed when he drove his motor vehicle into a tree. His next of kin have brought a death action against social hosts who they contend *21 negligently served him intoxicants at a time when he was already intoxicated. There is no dispute that the claim would extend social host liability beyond that presently recognized by our courts. In Kelly v. Gwinnell, 96 N.J. 538 (1984), social host liability was created as to injuries inflicted on third parties. Id. at 548. Here, plaintiffs seek to extend that principle and create liability for injuries resulting to the intoxicated guest.
As a result of Kelly v. Gwinnell, the legislature considered the social host problem and enacted legislation which modified the judicially created rule and restricted its liability. L. 1987, c. 404. The bill was signed by the Governor January 14, 1988 and by its terms took effect immediately. Ibid. N.J.S.A. 2A:15-5.7 It is undisputed that chapter 404 of the Laws of 1987 insulates a social host from liability to the drinking guest if that guest is of legal age. The statute, if applicable, would bar this suit.
The matter is before us on defendant's interlocutory appeal from the denial of a motion for summary judgment. Initially we granted leave limited solely to the issue as to the prospective or retrospective application of the new legislation. At the oral argument, with the consent of counsel, we expanded the appeal to encompass the viability of the cause of action. Both counsel were satisfied that the issues were fully argued in the briefs provided to us in connection with the motion for leave to appeal.
Because the liability which plaintiff seeks to impose has not heretofore been recognized by the court and would be an extension of principles rejected by the legislation, we need not consider the niceties of judicial construction normally involved in a determination of a statute's retroactivity. See Rothman v. Rothman, 65 N.J. 219, 224 (1974); Hart v. Fox, 204 N.J. Super. 564, 570-572 (Law Div. 1985). Notions of comity forbid us from extending a judicially created liability which has been extensively modified and largely rejected by the people speaking through the coordinate branches of government. Such an action would be inconsistent with the principles of self-government and our *22 form of government as embodied in the separation of powers provisions of our Constitution.
REVERSED.